Jonathon A. Katcher
Alaska Bar Assoc. 8111104
POPE & KATCHER
421 W. 1st Avenue, Suite 220
Anchorage, Alaska 99501
Tel. (907) 272-8577
Fax. (907) 274-8040
Email: jkatcher@alaska.net

Attorneys for Plaintiff,
Peter R. Ehrhardt

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PETER R. EHRHARDT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FAEGRE BAKER DANIELS, LLP, )<br>)<br>Defendant. )<br>) | Case No. 3:14-cv-_____ |

**COMPLAINT FOR ORDER COMPELLING ARBITRATION AND ALLOWING JOINDER IN ARBITRATION**
**PURSUANT TO ALASKA STATUTE 09.43.030**

Plaintiff Peter R. Ehrhardt ("Ehrhardt"), by and through counsel Jonathon A. Katcher, Pope & Katcher, alleges as follows:

**I.     THE PARTIES**

1.     Ehrhardt is a resident of the State of Alaska, Third Judicial District. Ehrhardt is an attorney who at all relevant times was licensed to practice law in the State of Alaska.

2.     Ehrhardt was formerly a partner in the now dissolved law firm Robinson Beiswenger & Ehrhardt ("RB&E"), with offices in Soldotna, Alaska. RB&E was dissolved in or about December 1998. Ehrhardt, as a successor of RB&E, has standing to maintain this action

**COMPLAINT FOR ORDER COMPELLING ARBITRATION**          Page 1 of 10
*Ehrhardt v. Faegre Baker Daniels,* Case No. 3:14-cv-_____

Case 3:14-cv-00130-HRH   Document 1   Filed 07/03/14   Page 1 of 10

on his own behalf in order to assert his rights and interests that he received out of the dissolution of RB&E.

3. Defendant Faegre Baker Daniels, LLP ("FBD") is a law firm domesticated in Chicago, Illinois, with its principal office in Minneapolis, Minnesota. FBD is successor to Faegre & Benson, LLP ("F&B"), a law firm that had its principal office in Minneapolis, Minnesota. F&B merged with the law firm Baker Daniels, LLP to form FBD.

## II. RELATED LITIGATION AND RULINGS

4. Ehrhardt's present complaint is directly related and substantively identical to the complaint filed by his former partners Arthur Robinson ("Robinson") and Allan Beiswenger ("Beiswenger") against FBD. *Robinson and Beiswenger v. Faegre Baker Daniels, LLP*, Case No. 3:13-cv-0086-HRH. In the Order attached hereto as Exhibit 4, Judge H. Russel Holland ordered arbitration of *Robinson and Beiswenger v. FBD*. Robinson and Beiswenger and FBD have stipulated to Roger Holmes serving as the Arbitrator. In the Status Report attached hereto as Exhibit 5, Arbitrator Holmes has advised the Court that the parties have agreed to a briefing schedule for cross motions for summary judgment.

## III. SUMMARY OF PLAINTIFF'S CLAIMS TO BE ARBITRATED

5. Ehrhardt seeks enforcement of an arbitration clause in a June 22, 1993 Fee Division Modification Agreement between RB&E and F&B. Exhibit 1 at p.6 ¶6. The Fee Division Modification Agreement modified the parties' already existing association, joint venture and fee division agreement to prosecute claims on behalf of commercial fishermen who suffered damages in the Exxon Valdez oil spill. Ehrhardt requests the Court to order an arbitration and that he be allowed to join in the ongoing *Robinson and Beiswenger v. FBD* arbitration before Arbitrator Holmes. Ehrhardt, like Robinson and Beiswenger, as successors of

*Law Offices of*
**POPE & KATCHER**
*421 West First Avenue, Suite 220*
*Anchorage, Alaska 99501*
*Tel: (907) 272-8577*
*Fax: (907) 274-8040*

**COMPLAINT FOR ORDER COMPELLING ARBITRATION**     Page 2 of 10
*Ehrhardt v. Faegre Baker Daniels,* Case No. 3:14-cv-_____

Case 3:14-cv-00130-HRH   Document 1   Filed 07/03/14   Page 2 of 10

RB&E, has an arbitratable dispute with FBD, as successor of F&B, regarding the division of attorney's fees that F&B and FBD obtained from the Exxon Valdez Oil Spill Litigation "Consolidated Case Fund," also known as the "3% Fund." RB&E is entitled to 30% of the attorney's fees that F&B and FBD collected from the 3% Fund. On information and belief, F&B and FBD collected approximately at least $5,114,904.18 from the 3% Fund. RB&E's 30% share of F&B's and FBD's collections from the 3% Fund equals approximately at least $1,534,471.25. Ehrhardt's individual share of this approximately at least $1,534,471.25 owed to RB&E equals approximately at least $506,375.51. FBD has refused to honor the parties' Fee Division Modification Agreement and their association, joint venture and fee division agreement to divide these 3% Fund fees. Therefore it is necessary to arbitrate this dispute. Judicial economy requires that Ehrhardt be allowed to join Robinson and Beiswenger as a party plaintiff in their arbitration against FBD.

## IV. JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1332 because plaintiff's damages exceed $75,000, and because there is diversity between the parties given that Ehrhardt is a citizen of Alaska, and FDB is an entity of Illinois. Venue is proper under 28 U.S.C. ' 1391(a), 28 U.S.C. ' 81(a), and D. Ak. LR 3.3.

## V. ALASKA LAW APPLIES

7. The Fee Division Modification Agreement states:

> 2. <u>Governing Law</u>: This agreement shall be construed and interpreted in accordance with, and governed and enforced in all aspects by the laws of the State of Alaska and the Alaska Bar Rules.

Exhibit 1 at p.6 ¶2.

*Law Offices of*
***POPE & KATCHER***
*421 West First Avenue, Suite 220*
*Anchorage, Alaska 99501*
*Tel: (907) 272-8577*
*Fax: (907) 274-8040*

**COMPLAINT FOR ORDER COMPELLING ARBITRATION**   Page 3 of 10
*Ehrhardt v. Faegre Baker Daniels,* Case No. 3:14-cv-_____

Case 3:14-cv-00130-HRH   Document 1   Filed 07/03/14   Page 3 of 10

## VI. ARBITRATION AGREEMENT

8. The Fee Division Modification Agreement provides for the arbitration of all disputes between the parties:

> 6. <u>Arbitration</u>: Any controversy or claim arising out of or relating to this Agreement, or breach thereof, shall be settled by arbitration in accordance with the rules of the Alaska Bar Association. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

Exhibit 1 at p.6 ¶6.

## VII. RELATED AGREEMENTS

9. The Fee Division Modification Agreement has a severability clause:

> 1. <u>Severability</u>: If any clause, or provision herein contained shall be adjudged to be invalid, it shall not affect the validity of any other clause or provision of this agreement or constitute any cause of action in favor of either party as against the other.

Exhibit 1 at pp.5-6 ¶1.

10. The Fee Division Modification Agreement has a successors and assigns clause:

> 4. <u>Successors and Assigns</u>: This agreement shall extend to, inure to the benefit of, and be binding upon the respective successors and assigns of the parties hereto and the heirs, executors, estate, successors and assigns of each person who is now or who hereafter becomes a party hereto.

Exhibit 1 at p.6 ¶4.

## VIII. FACTUAL BACKGROUND

11. On March 24, 1989, the Exxon Valdez struck a reef and spilled crude oil into Prince William Sound, Alaska.

12. In or about April 1989 F&B contacted RB&E to discuss forming an association, joint venture and fee division agreement to prosecute claims on behalf of commercial fishermen who suffered damages in the Exxon Valdez oil spill. Among the reasons F&B was interested in

*Law Offices of*
***POPE & KATCHER***
*421 West First Avenue, Suite 220*
*Anchorage, Alaska 99501*
*Tel: (907) 272-8577*
*Fax: (907) 274-8040*

**COMPLAINT FOR ORDER COMPELLING ARBITRATION**           Page 4 of 10
*Ehrhardt v. Faegre Baker Daniels*, Case No. 3:14-cv-_____

Case 3:14-cv-00130-HRH   Document 1   Filed 07/03/14   Page 4 of 10

forming an association, joint venture and fee division agreement with RB&E for the Exxon Valdez case was the fact that RB&E was at that time prosecuting a class action in Alaska federal district court on behalf of commercial fishermen who suffered damages in the 1987 Glacier Bay oil spill in Cook Inlet, Alaska.

13. On or about April 28, 1989, F&B and RB&E entered into an "Oil Spill Litigation" association, joint venture and fee division agreement regarding the Glacier Bay and Exxon Valdez cases to "split any fees, including contingency fees, with respect to all claimants on a 60%-40% basis, respectively." Exhibit 2.

14. On or about October 30, 1990, RB&E and F&B modified their "Exxon Valdez Litigation" association, joint venture and fee division agreement as it pertained to Upper Cook Inlet fishermen. Exhibit 3.

15. On March 26, 1992, United States District Court Judge H. Russell Holland entered Order 365 in the Exxon Valdez case. Order 365 is an "Order Establishing Regime for Compensation of Plaintiffs' Counsel." Order 365, among other things, established a "Consolidated Case Fund," also known as the "3% Fund."

16. On or about April 9, 1992, after Judge Holland issued Order 365, Robinson, Beiswenger, and Peter Ehrhardt, as partners in RB&E, traveled to Minneapolis, Minnesota. Robinson, Beiswenger and Ehrhardt had several meetings with F&B partners Brian O'Neil, Jerry Nolting, and others, regarding their Exxon Valdez association, joint venture and fee division agreement, and the recent settlement of the Glacier Bay case. The group addressed RB&E's and F&B's fees and costs in the Exxon Valdez case, Order 365, and the 3% Fund. F&B verbally agreed that the parties would modify their association, joint venture and fee division agreement to confirm, among other matters, that RB&E would be entitled to share in all fees obtained by

*Law Offices of*
*POPE & KATCHER*
*421 West First Avenue, Suite 220*
*Anchorage, Alaska 99501*
Tel: (907) 272-8577
Fax: (907) 274-8040

F&B in the Exxon Valdez case, including but not limited to those recovered from the 3% Fund.

## IX. THE PARTIES' FEE DIVISION MODIFICATION AGREEMENT

17. On June 23, 1992, RB&E and F&B entered into and executed a Fee Division Modification Agreement. Exhibit 1.

18. The terms of the Fee Division Modification Agreement reduced RB&E's share of the Exxon Valdez attorney's fees from 40% to 30%, and correspondingly increased F&B's share from 60% to 70%. The Fee Division Modification Agreement stated in pertinent part:

> 1. <u>Association</u>. RB&E has retained the services of F&B to assist in the representation of clients in the Glacier Bay case and the Exxon case. The relationship between F&B and RB&E, and the division of fees herein are governed by Alaska Bar Rule 35(e), concerning fee division between attorneys and Alaska Rule of Civil Procedure 81, and the ethics opinions adopted thereunder. By written Agreement with the client, RB&E and F&B assume joint responsibility for representation in the <u>Glacier Bay</u> and <u>Exxon</u> cases.
>
> 2. <u>Disclosure</u>. It is expressly agreed and understood that the association and responsibilities of RB&E and F&B for representation of the clients in the Glacier Bay and Exxon cases has, by written Agreement, been disclosed to the clients, and that the clients have consented to the association, joint responsibility, and representation by F&B and RB&E within the meaning of Alaska Bar Rule 35(e).
>
> 3. <u>Modification of Agreement</u>. In consideration and as payment in full for RB&E "modifying" all prior Exxon Fee Division Agreements, F&B and RB&E agree as follows:
>
> (a) That this Agreement is subject to Alaska Bar Rule 35(e), F&B acknowledges that RB&E at all times has had and shall continue to have joint responsibility for representation of the clients, and the clients have been advised of and do not object to joint representation and the total fee charges to the clients is reasonable;
>
> (b) That RB&E and F&B expressly acknowledge familiarity with <u>Dragelevich vs. Kohn</u>, 755 F. Supp. 1989 (N.D. Ohio 1990) (the '<u>Dragelevich</u> case") and other similar cases and holdings arising under DR 2-107(a); F&B hereby expressly and forever waives any right to assert any claim in the <u>Glacier Bay</u> or <u>Exxon</u> cases against RB&E for attorney fees above those identified in paragraphs four and five of this

*Law Offices of*
**POPE & KATCHER**
*421 West First Avenue, Suite 220*
*Anchorage, Alaska 99501*
*Tel: (907) 272-8577*
*Fax: (907) 274-8040*

Agreement based on the Dragelevich case, or any other similar case or similar line of cases that may arise in the future, or under any other case law, rule of professional responsibility or professional canon;

(c) That it is the intention of F&B and RB&E that the fee division set out in this is final and that no further modification shall be made without mutual consent of both parties in writing. It is further agreed that no F&B or RB&E partner, former partner, associate, former associate, employee, or former employee shall commence, conduct, or otherwise participate in any action, lawsuit, claim, proceeding or undertaking to seek, recover, take, or otherwise modify the attorney's fee division and costs in the Glacier Bay or Exxon cases paid to RB&E or F&B inconsistent with the terms and conditions of this Agreement; and

(d) That should any client of RB&E and F&B, or either law firm or any member thereof, challenge or otherwise seek to raise any issue related to the division of fees from the Glacier Bay or Exxon case whether based on the Dragelevich case or for any other reason, F&B and RB&E hereby specifically agree that the fee division agreement in Glacier Bay and Exxon cases was a fair and equitable division of the fees based upon the experience and contribution of both parties regardless of actual hours, time or costs expended by either law firm, their partners or employees.

4. Glacier Bay Fees.

(a) Fee Division. That RB&E and F&B agree that the division of all attorney's fees and costs in the Glacier Bay case was fair and reasonable.

5. Exxon Fees.

(a) Fee Division.

(i) Attorney's fees for all claims, except those set forth in section (a)(ii) of this paragraph, shall be divided on the basis of 70% to F&B and 30% to RB&E of the contingent fees collected from the client.

(ii) All fees for all claims originated by firms other than RB&E or F&B and referred to either firm for representation after April 15, 1992, shall be divided (from the allocated share of fees paid to F&B by other firms) on the basis of 90% to F&B, 10% to RB&E. However, any and all Upper Cook Inlet set and drift net claims so referred shall not be subject to this division and are subject to the division of fees as set forth in paragraph 5, section (a)(i); and

*Law Offices of*
***POPE & KATCHER***
*421 West First Avenue, Suite 220*
*Anchorage, Alaska 99501*
*Tel: (907) 272-8577*
*Fax: (907) 274-8040*

**COMPLAINT FOR ORDER COMPELLING ARBITRATION**     Page 7 of 10
*Ehrhardt v. Faegre Baker Daniels,* Case No. 3:14-cv-_____

Case 3:14-cv-00130-HRH    Document 1    Filed 07/03/14    Page 7 of 10

(iii) All hourly fees paid to both firms from the Exxon case management fee structure approved by the court or from any other source shall be allocated on the same basis, 70% F&B, 30% RB&E.

Exhibit 1 pp. 3-4.

## X. THE PARTIES' COURSE OF DEALINGS

19. RB&E, and Ehrhardt fully abided by the terms of the Fee Division Modification Agreement and the association, joint venture and fee division agreement. F&B never asserted that RB&E or Ehrhardt did not live up to the terms of the Fee Division Modification Agreement and the association, joint venture and fee division agreement. RB&E devoted at least 3,671.55 hours of lawyer time to the Exxon Valdez case. RB&E advanced costs for the Exxon case in at least the following amounts: $94,141,21 in Expenses, $40,000 in Assessments; and $145,000 paid to F&B, for total out of pocket expenditures of at least $279,141.21.

20. F&B made several attorney's fee payments to RB&E. These payments did not include RBE's 30% share of the attorney's fees that F&B collected from the 3% Fund.

21. On November 6, 2009, Judge Holland issued an order regarding disbursements of approximately 85% of $34,677,343.59 that was held in the 3% Fund.

22. F&B's share in the 3% Fund was determined to be 14.749988%, or approximately at least $5,114,904.18 in attorney's fees. In accordance with the Fee Division Modification Agreement and the parties' association, joint venture and fee division agreement, RB&E's 30% joint venture share was approximately at least $1,534,471.25.

23. On February 22, 2011, Judge Holland issued an order allowing for the last disbursement from the 3% Fund. Upon information and belief, F&B received monies out of this last disbursement from the 3% Fund.

*Law Offices of*
**POPE & KATCHER**
*421 West First Avenue, Suite 220*
*Anchorage, Alaska 99501*
*Tel: (907) 272-8577*
*Fax: (907) 274-8040*

**COMPLAINT FOR ORDER COMPELLING ARBITRATION**  Page 8 of 10
*Ehrhardt v. Faegre Baker Daniels,* Case No. 3:14-cv-_____
Case 3:14-cv-00130-HRH   Document 1   Filed 07/03/14   Page 8 of 10

24. F&B and FBD have not provided RB&E or Ehrhardt with a complete accounting of the monies that F&B and FBD collected from the 3% Fund.

25. F&B and FBD have not paid to RB&E or Robinson or Ehrhardt any part of the monies that F&B and FBD collected from the 3% Fund.

## XI. PLAINTIFF'S SUBSTANTIVE ARBITRATION CLAIMS

26. At the arbitration of this matter Ehrhardt, as successor and assign of RB&E, intends to pursue claims against FBD, as successor and assign of F&B, for an accounting, breach of contract, breach of fiduciary duties, unjust enrichment, and other claims as may be just and proper.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for the following relief:

1. That the Court, in accordance with AS 09.43.030, and the arbitration clause in the parties' Fee Division Modification Agreement, order that Ehrhardt be allowed to join and participate as a plaintiff in the *Robinson and Beiswenger v. FBD* arbitration before Arbitrator Holmes.

2. That the Court award plaintiff his attorney's fees and costs.

3. For such other and further relief that the Court may deem just and proper.

DATE: July 3, 2014    BY:  /s/ Jonathon A Katcher
                          Jonathon A. Katcher
                          POPE & KATCHER
                          Attorneys for Plaintiff
                          Peter R. Ehrhardt

*Law Offices of*
**POPE & KATCHER**
*421 West First Avenue, Suite 220
Anchorage, Alaska 99501
Tel: (907) 272-8577
Fax: (907) 274-8040*

**COMPLAINT FOR ORDER COMPELLING ARBITRATION**            Page 9 of 10
*Ehrhardt v. Faegre Baker Daniels*, Case No. 3:14-cv-_____

Case 3:14-cv-00130-HRH   Document 1   Filed 07/03/14   Page 9 of 10

**Certificate of Service**

I hereby certify that on the 3rd day of July, 2014, a copy of the foregoing was served by U.S. Mail and by email on:

James E. Torgerson
Stoel Rives LLP
510 L Street, Suite 500
Anchorage, AK 99501
jetorgerson@stoel.com

Roger F. Holmes
3948 Clay Products Drive
Anchorage, AK 99517
Roger.bh@gci.net


/s/ Jonathon A. Katcher
Jonathon A. Katcher

*Law Offices of*
*POPE & KATCHER*
*421 West First Avenue, Suite 220*
*Anchorage, Alaska 99501*
*Tel: (907) 272-8577*
*Fax: (907) 274-8040*

COMPLAINT FOR ORDER COMPELLING ARBITRATION — Page 10 of 10
*Ehrhardt v. Faegre Baker Daniels*, Case No. 3:14-cv-_____

Case 3:14-cv-00130-HRH   Document 1   Filed 07/03/14   Page 10 of 10